UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
In re                                                                    Chapter 13

MAC TRUONG,                                                  Case No. 07-12194 (JMP)

                                    Debtor.
------------------------------------------------x

In re                                                                    Chapter 11

TO-VIET-DAO, LLP,                                           Case No. 07-10696 (JMP)

                                    Debtor.
-------------------------------------------------------x

**MEMORANDUM DECISION DENYING TRUSTEE'S MOTION FOR
SANCTIONS UNDER 28 U.S.C. § 1927**

APPEARANCES:

MELLINGER, SANDERS & KARTZMAN, LLC
101 Gibralter Drive, Suite 2F
Morris Plains, New Jersey 07950

      Adam G. Brief, Esq.
      Counsel to Steven P. Kartzman, Trustee

HELLRING, LINDEMAN, GOLDRING & SIEGAL, LLC
One Gateway Center, 8th Floor
Newark, New Jersey 07102

      Richard B. Honig, Esq.
      Special Counsel to Steven P. Kartzman, Trustee

MAC TRUONG, *Pro Se*
325 Broadway
New York, New York 10007

      Mac Truong

YUNG H. HSU, ESQ., *Pro Se*
135-26 Roosevelt Avenue, Suite 2B
Flushing, New York 11354

      Yung H. Hsu, Esq.

**JAMES M. PECK**
**UNITED STATES BANKRUPTCY JUDGE**

The Court considers this Motion for Sanctions brought by Steven P. Kartzman ("Kartzman" or the "Trustee") against Mac Truong ("Truong"), one of the debtors in a chapter 7 case pending before Judge Winfield in the Bankruptcy Court for the District of New Jersey[1] (Case No. 03-40283 (NLW)) in which Kartzman is the chapter 7 Trustee. Truong is also general partner of Debtor To-Viet-Dao, LLP ("TVD") and a chapter 13 Debtor in the above captioned cases. Kartzman seeks sanctions for the excess costs and expenses caused by Truong's commencement and prosecution of these two cases in this Court while the New Jersey Bankruptcy Case was pending. The cases were brought in this district for the evident purpose of hindering and delaying the Trustee from performing his duties in accordance with authority granted to him in the New Jersey Bankruptcy Case.

The Court dismissed the TVD and Truong cases upon learning after disclosure by the Trustee that the cases had been filed to delay and disrupt Kartzman's administration of estate property located at 327 Demott Avenue in Teaneck, New Jersey (the "Property").[2] These cases, taken together and in relation to the record in the New Jersey Bankruptcy Case, are extreme examples of willful bankruptcy abuse.

The dismissal orders entered in each of these related cases provide for continuing jurisdiction to consider sanctions. Consistent with those orders, the Trustee filed separate motions for sanctions under 28 U.S.C. §1927 against Truong and an attorney named

---

[1] The "New Jersey Bankruptcy Case."

[2] TVD filed its petition under chapter 13 on March 15, 2007, and this case was converted to a case under chapter 11 on July 8, 2007. Truong filed a petition under chapter 13 one day after the TVD case was dismissed as a bad faith filing.

2

Yung H. Hsu ("Hsu") who was retained by Truong during the TVD case to represent that entity. On January 10, 2008, the Trustee reached a compromise with Hsu and settled all claims relating to Hsu's role in the TVD case. As a result of that agreement, only the question of whether any sanctions should be awarded as to Truong is before the Court.

Given Truong's patently frivolous litigation tactics, which have continued even after dismissal of these cases, there are ample facts and multiple reasonable inferences to support a finding of sanctions against Truong. Nonetheless, as explained below, the Court has determined not to exercise its inherent power to sanction Truong.

The Trustee has relied solely on 28 U.S.C. § 1927 as authority for an award of sanctions, but this provision is not applicable to Truong even though his conduct has caused the Trustee to incur some excess litigation expenses. As a disbarred lawyer, Truong is not admitted to practice in this Court and no longer may be subject to sanctions under the authority of 28 U.S.C. § 1927.

The Court also notes that Judge Winfield, who has had a greater opportunity to observe and assess Truong, decided within the past sixty days to impose constraints on Truong to specifically address Truong's pattern of vexatious litigation directed at the Trustee. She issued an expanded injunction prohibiting Truong and his family from filing pleadings in any jurisdiction that arise out of or are related to the New Jersey Bankruptcy Case or its related adversary proceeding without first obtaining her authority and requiring that Truong attach the filing injunction, her opinion granting that injunction and all of the attachments to her opinion when filing any pleadings in any other jurisdiction. *See In re Truong et al.*, Nos. 03-40283, 03-2681, slip op., 2008 WL 442292 at * 9-10 (Bankr. D.N.J. Feb 14, 2008).

The Court believes that the various restrictions imposed by Judge Winfield on further litigation activity make good sense and constitute a fully considered response to Truong's vexatious tendencies. If monetary sanctions for his limited activities in this Court were to be imposed on the basis of the present record, the award would be relatively nominal in amount (after crediting the settlement with Hsu), but the imposition of sanctions would have the potential of producing even more needless litigation activity by Truong, thereby causing further burden and expense that would not be in the best interest of the Trustee.

*Jurisdiction and Venue*

The Court has subject matter jurisdiction under 28 U.S.C. §§1334 and 157 and under the July 10, 1984 "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

The orders dismissing these cases entered respectively on July 23, 2007 (*see* To-Viet-Dao ECF Doc # 24) and July 27, 2007 (*see* Mac Truong ECF Doc. # 13) expressly provide for the retention of jurisdiction after dismissal to allow for consideration of possible sanctions. This Court has jurisdiction to determine whether to award sanctions because a proceeding to sanction a party for conduct in a core matter is itself a core matter. *See In re French Bourekas, Inc.*, 183 B.R. 695, 696 (Bankr. S.D.N.Y. 1995).

*Procedural Background*

Reference is made to the facts and applicable procedural history set forth in the decision of Chief Judge Garrett E. Brown, Jr. of the District of New Jersey affirming orders entered by Judge Winfield against Truong and his wife Maryse Mac Truong

4

("Maryse") and the decision of Judge Winfield enlarging a filing injunction against Truong and others. *See Truong v. Kartzman, et al.*, No.06-5511, slip op., 2007 WL 1959259 at *1-3 (D.N.J. July 5, 2007) and *In re Truong et al.*, 2008 WL 442292 at * 1-7.

As detailed in these decisions, following more than two years of what the Trustee has termed mean spirited litigation between the Trustee and Truong and Maryse (the "Truongs"), Judge Winfield entered summary judgment in favor of the Trustee and against the Truongs in an action to set aside fraudulent transfers of the Property. Chief Judge Brown affirmed that judgment on July 5, 2007. *Truong v. Kartzman*, 2007 WL 1959259 at *8. The scheme that was the subject of the litigation before Judge Winfield and Judge Brown included a series of intentionally fraudulent transfers of the Property, each engineered by Truong, first to Maryse's sister in France, then to the Truongs' son and ultimately to special purpose entities controlled by the Truongs, one of which was TVD. The transfer to TVD occurred after entry of Judge Winfield's initial judgment avoiding transfers of the Property and ordering a revesting of the Property with the Trustee.

The fact that the Truongs conveyed the Property to TVD *after* judgment had been entered to set aside prior transfers of the Property demonstrates the brazen and contemptible nature of the Truongs' efforts to remove the Property from the reach of the Trustee. These efforts were ultimately unsuccessful. Judge Winfield entered the first of a number of Supplemental Orders on December 7, 2006 that specifically addressed the transfer to TVD and that extended her earlier summary judgment order to this sham entity. Truong received notice of Judge Winfield's Order and knew that the transfer to TVD had been expressly avoided as fraudulent.

5

Given the adverse results in the New Jersey chapter 7 case, the Truongs sought to convert that case to a case under chapter 13. Judge Winfield, who was fully familiar with the history of the Truongs' bankruptcy case, determined that the Truongs were not entitled to chapter 13 relief because they had shown a disqualifying lack of good faith during their chapter 7 case. In a Memorandum Opinion dated March 5, 2007, Judge Winfield sums up her views of the Truongs as follows: ". . . their conduct throughout the chapter 7 case readily demonstrates that the Motion to Convert is a bad faith attempt to thwart the chapter 7 Trustee's efforts to sell the residence" and under the authority of the Supreme Court's decision in *Marrama v. Citizens Bank of Mass.*, she concluded that the Truongs were not members of the class of honest but unfortunate debtor[s] the bankruptcy laws were enacted to protect.[3] *In re Truong*, No .03-40282, slip op., 2007 WL 708874 at *4 (Bankr. D.N.J. March 5, 2007).

Truong was undeterred. His next legal maneuver involved efforts to do in the Southern District of New York what Judge Winfield had ruled could not be done in the District of New Jersey. On March 15, 2007, only ten days after Judge Winfield's ruling that the Truongs failed to qualify for relief under chapter 13 because of their fraudulent conduct and approximately three months after entry of a Supplemental Order avoiding the transfer of the Property to TVD, Truong, who has an office at 325 Broadway in Manhattan, commenced a chapter 13 case for TVD in this district.

Truong filed the case for TVD in this Court despite the fact that he had actual knowledge that the Property was the subject of multiple orders of Judge Winfield authorizing the Trustee to sell the Property (including an Order dated February 15, 2007

---

[3] *Marrama v. Citizens Bank of Mass.*, 127 S.Ct. 1105, 166 L.Ed.2d 956 (2007)

6

requiring the Truongs to vacate the premises) and despite the fact that TVD was an entity that was not eligible under any circumstances to be a debtor under chapter 13.[4] Given the timing and the context of this bankruptcy filing, it is clear that Truong, who filed the case initially without a lawyer as the general partner of TVD, could not have been acting in good faith, and impermissibly sought to claim the benefit of the automatic stay to protect the Property from the effect of orders entered in the New Jersey Bankruptcy Case.

Truong appeared on behalf of the Debtor without counsel at the next regularly scheduled chapter 13 hearing. At that hearing Truong was told that a limited partnership had to be represented by counsel and that the case was ripe for dismissal because only individuals were eligible for relief under chapter 13. On April 9, 2007, Truong, as general partner of the Debtor entity, filed a Motion to Convert the case to a case under chapter 11. Following an adjournment of that motion, an amended Motion to Convert was filed by Hsu on May 9, 2007. There was no opposition to the Amended Motion, and the TVD case was converted to a chapter 11 case on July 12, 2007.

During the pendency of the TVD case, Hsu sent letters to the Trustee claiming that the automatic stay barred enforcement of Judge Winfield's orders relating to the Property. The Trustee rejected these contentions and proceeded with efforts to evict the Truongs from the Property. This lead to the filing by TVD of an emergency application for an order to show cause and the scheduling of an emergency hearing regarding ownership of the Property and whether the automatic stay in the TVD case applied to the Property.

---

[4] Section 109(e) provides that only an individual with regular income may be a debtor under chapter 13. 11 U.S.C. § 109(e).

7

Remarkably and revealingly, the emergency application was made about two weeks after Chief Judge Brown had issued his Memorandum Opinion affirming all orders of Judge Winfield avoiding all the transfers of the Property as fraudulent and awarding possession to the Trustee *but failed to mention that this opinion even existed*. In answer to an Order to Show Cause issued by this Court on July 17, 2007, the Trustee submitted a detailed letter brief and declaration disclosing to the Court for the first time the true state of the record in the New Jersey Bankruptcy Case and plainly detailing a pattern of deceit on the part of the Truongs and their alter ego TVD. The legal work associated with preparing this submission and appearing at the emergency hearing comprise the bulk of the expenses to be assessed against Truong if sanctions were to be awarded to the Trustee. Following the hearing, TVD withdrew the motion for emergency relief with respect to the Property; the Court then dismissed the case by Order entered on July 23, 2007 and enjoined future filings by TVD.

Despite the filing injunction applicable to TVD, one day after dismissal of the TVD case, Truong filed his own case under chapter 13 claiming ownership of the Property. Following an emergency hearing convened by the Court within days of the filing to determine whether Truong had filed the case in good faith, the Court dismissed Truong's chapter 13 case by Order entered July 27, 2007.[5] The result of the almost immediate scheduling of this emergency hearing is that Truong's case lasted only a few days and caused relatively little incremental harm to the Trustee.

---

[5] As a sign of Truong's lack of remorse and his capacity to cause ongoing, needless expenses to the Trustee, Truong appealed the dismissal of his chapter 13 case and filed an application to proceed with the appeal *in forma pauperis*. That application was denied by Order dated August 9, 2007. The appeal was dismissed for failure to prosecute on January 17, 2008. On January 4, 2008, Truong sought an order of this Court vacating the dismissal of his chapter 13 case. This motion was denied by an order of this Court dated February 19, 2008. Truong continued his assault on the Trustee by filing a motion in the now closed district court appeal seeking to vacate Judge Marrero's order dismissing that appeal.

8

Following the dismissal of his cases, the Truongs were removed from the Property. Then Truong began a campaign of outrageous attacks on the Trustee. In August, 2007, Truong filed a complaint in the District Court for the Southern District of New York seeking, among other things, damages for robbery and conversion and thereafter filed criminal complaints against the Trustee and his professionals in the Municipal Courts of Teaneck, Newark and Parsippany-Troy Hills, New Jersey.[6] In response the Trustee was forced to expend more estate resources to defend against this harassment. The Trustee filed a motion requesting that Judge Winfield expand her previously issued filing injunction that eventually led to her decision entered in February. The Trustee's Motion for Sanctions has been pending while this litigation between the Trustee and Truong has been proceeding in New Jersey and in the District Court for the Southern District of New York.

*Discussion*

### A. Only Persons Admitted to Practice May Be Sanctioned Under 28 U.S.C. §1927.

The Trustee is not entitled to sanctions against Truong pursuant to 28 U.S.C. § 1927 because that provision on its face is applicable only to persons admitted to practice in the federal courts. The section provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. 28 USC § 1927.

---

[6] Truong filed case number 07-CV-07070, which named Judge Winfield as one of the defendants, in the Southern District of New York on August 8, 2007, 5 days after being removed from the Property. That action was dismissed, without prejudice, by Judge Swain for failure to comply with a prior filing bar order issued by Judge Scheindlin on June 17, 2007. On February 15, 2008, Truong moved to reinstate the action to the Court's active calendar. In her order denying the reinstatement motion, Judge Swain noted the additional filing bar ordered by Judge Winfield on February 14, 2008 and required Truong to comply with the orders of Judge Scheindlin and Judge Winfield before any application to reinstate the action again. Truong filed a notice of appeal of that order on March 24, 2008.

9

It is well recognized that 28 U.S.C. § 1927 permits the recovery of costs from an attorney admitted to practice before the Court, not a party. *See In re R & J Ventures, Inc.*, Nos. 07-61462, 07-61325, 05-90086, 05-90085, slip op., 2007 WL 4287715, at *5 (Bankr. N.D.N.Y. December 4, 2007). There is little question that if Truong was acting as an attorney his conduct would justify the award of monetary sanctions. Truong's clear motive was to use the automatic stay arising out of wrongfully filed bankruptcy cases to block the execution of orders issued by the bankruptcy judge in New Jersey who had jurisdiction over his chapter 7 estate. He knowingly took action in this Court that lacked merit for the improper purpose of frustrating the legitimate efforts of the Trustee, and his conduct compelled the Trustee needlessly to expend resources.

A bankruptcy court may impose sanctions pursuant to 28 U.S.C. § 1927 under the same standard as a district court. *Matter of Cohoes Indus. Terminal, Inc.* 931 F.2d 222, 230 (2d Cir. 1991); *see Oliveri v. Thompson,* 803 F.2d 1265, 1273 (2d Cir.1986), *cert. denied sub nom.*; *County of Suffolk v. Graseck,* 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987).

To impose sanctions under 28 U.S.C. § 1927, a court must find clear evidence of bad faith, which may be inferred by actions which are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose. *See Vishipco Line v. Schwab*, 2003 WL 1345229, at *10 (S.D.N.Y.) (*citing, Solovaara v. Eckert,* 222 F. 3d 19, 35 (2d. Cir. 2000)). *See also Keller v. Mobil Corp.*, 55 F.3d 94, 100 (2d Cir. 1005). A court may sanction an attorney under 28 U.S.C. § 1927 if it finds clear evidence that: (i) the claims of the offending party are completely meritless and (ii) those

10

claims were brought for an improper purpose. *See Vishipco* 2003 WL 1345229, at *10 (*citing Revson v. Cinque and Cinque*, *P.C.,* 221 F.3d 71, 79 (2d Cir. 2000).

Truong's behavior was blatantly improper and plainly sanctionable, but because Truong was acting *pro se* in his own case and employed counsel in the TVD case, 28 U.S.C. § 1927 does not apply to him.

**B. Truong May Be Sanctioned Under the Inherent Power of the Court to Sanction**.

The facts of this case could also easily lead this Court to sanction Truong under its inherent power. There is no meaningful difference between the type of conduct that is sanctionable under the Court's inherent power and under 28 U.S.C. § 1927 because both require a similar finding of bad faith. *In re Spectee Group, Inc.* 185 B.R. 146, 158 (Bankr. S.D.N.Y. 1995). '[T]he only meaningful difference between an award made under §1927 and one made pursuant to a court's inherent powers is, …that awards under § 1927 are made only against attorneys or other persons authorized to practice before the courts while an award made under the court's inherent power may be made against an attorney, a party, or both." *Oliveri v. Thompson,* 803 F.2d at 1273. *See Jackson v. Levy,* 2000 WL 124822, at *6 (S.D.N.Y. Feb.2, 2000).

A court's inherent power to sanction "derives from the fact that courts are vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Schlaifer Nance & Co, Inc.. v. Estate of Warhol,* 194 F.3d 323, 336 (2d Cir.1999) (citations and internal quotation marks omitted).

In order to impose sanctions pursuant to its inherent power, a court must find that: "(1) the challenged claim was without a colorable basis and (2) the claim was brought in

11

bad faith, *i.e.,* motivated by improper purposes such as harassment or delay." *In re Galgano*, 358 B.R. 90, 105 (Bankr. S.D.N.Y.,2007) (*citing Schlaifer Nance Co. Inc.,* 194 F.3d at336).

The bankruptcy filings in this Court were designed to hinder the Trustee's exercise of remedies with respect to the Property. At the same time that his chapter 7 case was pending and orders were being executed against him and his wife, Truong crossed the Hudson River to file cases here with the objective of obtaining relief that he knew had been denied to him in the New Jersey Bankruptcy Case. The TVD and Truong cases were dismissed as bad faith filings. These cases, while brief, nonetheless resulted in an unreasonable and vexatious multiplication of the proceedings.

## C. Reasons for Exercising Restraint and Not Imposing Sanctions Against Truong.

Under the inherent power to sanction, this Court could rely upon this record for support in awarding sanctions in favor of the Trustee, but the Court has decided not to do so after carefully weighing the facts and circumstances. The Court is satisfied as to Truong's bad faith but is not satisfied that the Trustee has made a strong enough showing for the imposition of sanctions under the Court's inherent power or has demonstrated that Truong, as opposed to Hsu or Truong's wife Maryse, has caused provable monetary damages that may be fairly allocated to Truong.

The Supreme Court has cautioned that a court's inherent power should be used with restraint and discretion. *See U.S. v. International Broth. of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL-CIO.* 948 F.2d 1338, 1345 (2d Cir. 1991)(*citing Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123 (1991)) This Court, in light of this admonition to use reasonable restraint has considered whether notice that

12

the Trustee was seeking sanctions under authority of an inapplicable statute is adequate to put Truong on notice that the Court might also sanction him under its comparable inherent powers.

When a court intends to impose sanctions, the target of those sanctions is entitled to notice of the behavior the court finds actionable and the specific authority under which the court intends to impose the sanctions. *See In re. Chase*, 372 B.R. 142,152 (Bankr. S.D.N.Y. 2007) (*citing Schlaifer Nance & Co., Inc.* 194 F.3d at 334). Notice of the Trustee's Motion for Sanctions under 28 U.S.C. § 1927 may not have alerted Truong that he was subject to the imposition of sanctions on other grounds. Any doubts as to the adequacy of notice should be decided in Truong's favor. Truong should not be sanctioned under the Court's inherent power unless he had reason to know that he would be subjected to the exercise of that power and had the opportunity to present his defense.

The TVD and Truong bankruptcy cases were relatively short in duration and were ancillary to the Truongs' bankruptcy case in New Jersey. The Truong case was particularly brief and lasted only a few days. It was dismissed almost immediately after it was filed as a consequence of the scheduling by the Court of an emergency hearing on dismissal. That hearing resulted in an order of dismissal less than one week after commencement of the Truong case and was a remedy well suited to Truong's flagrant bankruptcy abuse. In effect, the Court has already responded to the needs of the Trustee by using its inherent power to expedite the removal from the docket of a case that never should have been filed. Dismissal of the Truong case on an accelerated schedule served the purpose of ending promptly a source of excess costs and expenses to the Trustee.

The Trustee was inconvenienced and incurred some incremental costs and expenses as a result of the two cases filed here by Truong, but it appears that a majority of those costs have been recovered in the settlement with Hsu and that the involvement of the Trustee due to the filings in this Court has been limited. Thus, even if sanctions were to be awarded the amount directly attributable to Truong's conduct would be hard to demonstrate and would be insignificant in amount, especially after crediting the payments from Hsu. Moreover, even as to this small provable amount, there has been no showing as to the specific activities of Truong that caused the Trustee to incur excess expenses.

Additionally, the activities in this Court were not central to the adjudication of the disputes with the Trustee. The main events involving these parties all took place in New Jersey, and the filings here were a strategic failure that did nothing to undermine the authority of the bankruptcy court in New Jersey. Judge Winfield is fully aware of the relevant facts in her case and has recently ruled in an effort to reduce the future harm that Truong may cause. The Trustee has made his peace with Hsu (who agreed to pay for his mistake). These circumstances also support the exercise of restraint and deferring to the forum that has the most significant involvement with and understanding of the underlying litigation.

This Court did have an opportunity to observe Truong on several occasions and has seen enough to come to negative conclusions regarding his conduct and character, but those occasions are not equivalent to the lengthy period of oversight by Judge Winfield. In contrast, my exposure to Truong has only touched the surface of a dense factual record.

This is another reason for exercising restraint in imposing sanctions under the

14

Court's inherent power and for deferring to the bankruptcy court in New Jersey which has had greater experience in dealing with the parties and a deeper understanding of the struggle between Truong and the Trustee. Sanctions are more appropriately awarded by a court that has the perspective to assess the offending conduct.

Finally, while there can be no doubt as to the authority to sanction Truong under the Court's inherent power, the Court is persuaded that to do so at this point would be unwise and would in all likelihood lead to even more litigation to the potential detriment of the Trustee. This is a situation in which awarding monetary sanctions in a small amount would not compensate the Trustee adequately for all that he has endured and would be counterproductive.

*Conclusion*

For the reasons stated, even though Truong has acted unreasonably and vexatiously, the Motion for Sanctions as to Truong is denied without prejudice to the Trustee's right to seek reimbursement of expenses caused by such vexatious actions in another forum.

IT IS SO ORDERED.

New York, New York
April 14, 2008

      *s/ James M. Peck*
      Honorable James M. Peck
      United States Bankruptcy Judge